Valentine-L
11-15-10

1   GEOFFREY C. LYON (Bar No. 132747)
2   Email: lyonlaw@verizon.net
    **LYON LAW PC**
3   400 Oceangate Ste 1120
    Long Beach CA 90802
4   Tel: 562-590-6900; Fax: 562-590-6945

5   Attorney for Plaintiff,
    TIFFANY VALENTINE
6

7

8
                    UNITED STATES DISTRICT COURT
9
        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
10

11   TIFFANY VALENTINE,                    )   Case No. **CV 1 0 - 8 7 1 7** CAS (SS)
                                           )
12                     Plaintiff,          )   **COMPLAINT FOR DAMAGES**
                                           )   **FOR SEXUAL HARASSMENT**
13   vs.                                   )   **AND DISABILITY**
                                           )   **DISCRIMINATION IN**
14                                         )   **EMPLOYMENT AND**
     STATE OF CALIFORNIA,                  )   **RELATED CLAIMS**
15   EMPLOYMENT DEVELOPMENT               )
     DEPARTMENT; SORY HINTON; and         )   **JURY TRIAL DEMANDED**
16   DOES 1 to 10,                         )
                                           )
17                     Defendants.         )   Judge: To be assigned
                                           )   Dept: To be assigned
18                                         )
                                           )   Complaint Filed: November 15,
19                                         )   2010
                                           )   Trial Date:  None Set
20                                         )
                                           )
21                                         )

22

23   *   *   *   *

24   *   *   *   *

25

                                -1-
                            COMPLAINT

COMES NOW Plaintiff TIFFANY VALENTINE ("Plaintiff") and for her causes of

action against Defendants STATE OF CALIFORNIA, EMPLOYMENT

DEVELOPMENT DEPARTMENT; ("Employer"); SORY HINTON ("Individual

Defendants") and DOES 1 to 10, alleges as follows:

## I.

## SUBJECT MATTER JURISDICTION

1.        This action is brought pursuant to 42 USC §§ 2000e et seq., 42

USC §§ 12101-12213 and 29 USC §§ 2615.  This Court has federal question subject

matter jurisdiction over the causes of action alleged in this complaint pursuant to 28

USC section 1331.

2.        Plaintiff has exhausted Plaintiff's administrative remedies with

respect to the named defendant(s).  True and correct copies of Plaintiff's

administrative complaint(s) to, and Right-To-Sue Notice(s) from, the EEOC are

attached hereto as Exhibit "1" and incorporated by this reference in this complaint as

though set forth in full.

## II.

## PERSONAL JURISDICTION AND VENUE

3.        At all relevant times TIFFANY VALENTINE is and was an

individual residing in the County of Los Angeles, State of California.

4.        At all relevant times Defendant STATE OF CALIFORNIA,

EMPLOYMENT DEVELOPMENT DEPARTMENT ("Employer") is and was a

government entity organized under the laws of the State of California, authorized to operate in the State of California, County of Los Angeles.

5.      On information and belief, at all relevant times Individual Defendant SORY HINTON is and was an individual residing in the County of Los Angeles, State of California.

6.      The true names and capacities of the Defendants named herein as DOES 1 to 10, inclusive, whether individual, proprietorship, partnership, corporate, associate, alter ego, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure Section 474. Plaintiff will amend this complaint to show such true names and capacities when they have been determined.

7.      The violations of law described in this complaint have been committed within the County of Los Angeles, State of California.

8.      The Individual Defendant(s) were acting in part within the course and scope of their employment by Employer and were, at least in part, serving a purpose of their own in carrying out the misconduct against Plaintiff. The Individual Defendant(s) were motivated, at least in part, by malice and ill will toward Plaintiff.

9.      The wrongful conduct of Employer and the Individual Defendants set forth in the General Allegations and various Causes of Action proximately caused Plaintiff to suffer damages, injuries, loss and/or harm, including but not limited to physical, mental and emotional injuries and distress, pain and suffering, lost wages

1   and benefits and health care expenses, and other general, special and statutory

2   damages in amounts to be proven, but estimated to be no less than $300,000.

### III.

### GENERAL ALLEGATIONS

6         10.      Plaintiff TIFFANY VALENTINE ("Plaintiff") was employed by

7   Defendant STATE OF CALIFORNIA, EMPLOYMENT DEVELOPMENT

8   DEPARTMENT ("Employer") either as an employee or independent contractor for

9   several years until her termination on or about October 12, 2008.  Plaintiff's job title

10  was "Security Guard."  She worked under managers and supervisors including

11  Manager Mashanna Braedford ("Mgr. Braedford.") and Assistant Manager Sory

12  Hinton ("Mgr. Hinton.")  At all relevant times Plaintiff performed her duties

13  competently and satisfactorily.

15        11.      Employer and Individual Defendant(s) harassed Plaintiff and

16  created a hostile work environment based on Plaintiff's sex/gender, female and

17  race/color, African-American/black.  The following harassing language, conduct

18  and/or images were subjectively offensive to Plaintiff and created an objectively

19  hostile working environment that interfered with Plaintiff's ability to work.  Plaintiff

20  complained to supervisors and managers and otherwise communicated her opposition

21  to the harassment.  Employer negligently and intentionally failed to stop the

22  harassment.  The following harassing conduct and remarks, in words or substance,

23  were made to and/or within Plaintiff's hearing and/or vision:

12.     In or about April 2007, Ms. Valentine became pregnant.  In or about early November 2007, Mgr. Hinton and Mgr. Braedford made the following harassing discriminatory comments on a daily basis about Ms. Valentine: black bitch, skanky heifer, hood rat, retarded, slow, illiterate, huge/fat/disgusting, and a little shit. Ms. Valentine complained to Mgr. Braedford and to Ms. Valentine's union (SPFPA) regularly.  Ms. Valentine is not aware of any preventive action and the harassment continued.

13.     Starting from in or about August 2007, Ms. Valentine needed to see her physician regularly due to her pregnancy complications.  However, these checkups also sometimes occurred during scheduled work hours.  When Ms. Valentine requested time off for these checkups, Mgr. Braedford said in words or substance, "You expect me to leave a state facility unattended?  I'm not giving you any time off!"

14.     On or about May 2, 2008, Ms. Valentine was expecting her paycheck but Mgr. Braedford withheld it.  Ms. Valentine filed a grievance to HR about Mgr. Braedford's conduct.  In or about May or June 2008, Mgr. Braedford was informed of Ms. Valentine's complaint.  At this time, Mgr. Braedford called Ms. Valentine repeatedly at least once every two weeks and stated in words or substance, "You're the one who's trying to get me in trouble aren't you?  You little shitty black heifer!  I don't give a damn if [Mgr. Hinton] calls you names!  You deserve everything you get!"

15.     From in or about May 2008 until Ms. Valentine's termination on or about October 12, 2008, Mgr. Hinton continued her slurs against Ms. Valentine on a regular basis (multiple times per week).  These comments included but were not limited to: "black bitch, skanky heifer, hood rat, retarded, slow, illiterate, huge/fat/disgusting, and little shit."

16.     On or about October 12, 2008, John Asfall called Ms. Valentine and left a message stating that Ms. Valentine would be removed from her post at the EDD.  Mr. Asfall stated that Mgr. Hinton wanted Ms. Valentine removed and that a male security guard should be hired in her stead.

17.     During the period of Plaintiff's employment with Employer, Plaintiff had, and/or was perceived by Employer as having actual and/or potential disabilities.  These disabilities included but are not limited to severe complications related to her pregnancy, severe back pain and related physical symptoms, including fatigue, insomnia, pain, and discomfort.  Plaintiff also took medications for her disabilities and related conditions.  On information and belief, such medications and their side effects were, or were perceived by Employer to be, actually or potentially disabling.  Plaintiff's disabilities did and/or were regarded by Employer as interfering with and limiting Plaintiff's major life activities, including ability to work.  Plaintiff's disabilities required reasonable accommodations, including but not limited to periodic time off work for medical treatment and recuperation from flare ups of symptoms, rest breaks during work, and alternating between sitting and standing at

1   work.  Employer failed and refused to provide reasonable accommodations for

2   Plaintiff's disabilities.

3       18.     At all relevant times Plaintiff was qualified for Plaintiff's job

4   position with Employer, and could perform all essential functions and fundamental

5   duties of Plaintiff's job, and of reasonably available alternative positions of

6   Employer, either with or without reasonable accommodations, without endangering

7   Plaintiff's or anyone else's health or safety.

8       19.     In or about late November 2007, Ms. Valentine saw a physician at

9   Kaiser Permanente for a regular checkup since her pregnancy was in its final stages.

10  Ms. Valentine was immediately advised to take disability leave since the stress from

11  the harassment at Ms. Valentine's workplace was threatening the safety of her baby.

12  After hearing this, Ms. Valentine applied for and received disability leave.  In or

13  about late April 2008, Ms. Valentine returned to work from maternity leave.

14  Immediately, Mgr. Hinton began to express her frustration by exclaiming, "How can

15  we have a security guard who's pregnant?"  On or about October 10, 2008, Mgr.

16  Hinton forced Ms. Valentine to move a heavy box by herself despite complaints from

17  Ms. Valentine that the job could be dangerous.  During this errand, Ms. Valentine

18  hurt her back.  Ms. Valentine immediately saw a physician at Kaiser Permanente and

19  was advised to file for worker's compensation.  Employer discouraged Plaintiff from

20  seeking medical treatment during working hours.

20.     From at least early 2007 through at least October 12, 2008, Employer discriminated and retaliated against Plaintiff based upon Plaintiff's sex and disabilities and Plaintiff's exercise of Plaintiff's right to medical leave, and also retaliated against Plaintiff's opposition to racial and sexual harassment and disability discrimination.  Employer's discriminatory adverse employment actions against Plaintiff included excessive and unfair criticism, removal of responsibilities, less desirable schedule and pay, reduced opportunity for advancement, assignment to menial and difficult tasks, failure and refusal to stop the harassment, denial of training and otherwise discriminating against Plaintiff in the terms and conditions and existence of Plaintiff's employment, and finally on or about October 12, 2008, terminating, and thereafter refusing to reinstate, Plaintiff's employment.

### III.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### HARASSMENT BASED ON SEX/GENDER – HOSTILE ENVIRONMENT

### TITLE VII, 42 USC §§ 2000e et seq.

### By Plaintiff Against Individual Defendant Sory Hinton ("Individual Defendant(s)" in this particular cause of action) and against Defendant Employer

21.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of

Action."

22.     Employer and Individual Defendant(s) harassed and created an objectively hostile working environment for Plaintiff based upon Plaintiff's SEX/GENDER, FEMALE. The harassment was subjectively offensive and unwelcome to Plaintiff and interfered with Plaintiff's ability to work. This conduct violated Title VII.

23.     The Individual Defendant(s) were acting in part within the course and scope of their employment by Employer and were, at least in part, serving a purpose of their own in carrying out the misconduct against Plaintiff. The Individual Defendant(s) were motivated, at least in part, by malice and ill will toward Plaintiff.

24.     Defendants' wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages, including but not limited to lost wages and emotional distress, in an amount to be proven. Plaintiff has been required to hire attorney Geoffrey Lyon of Lyon Law and is entitled to recover reasonable attorney fees. Plaintiff is entitled to injunctive relief including reinstatement to a work environment free of harassment and discrimination.

25.     Individual Defendant Hinton's wrongful conduct was malicious, oppressive, fraudulent, despicable and not to be tolerated by civilized society and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

## SECOND CAUSE OF ACTION

## HARASSMENT BASED ON RACE/COLOR AND ANCESTRY/NATIONAL ORIGIN

## TITLE VII, 42 USC §§ 2000e et seq.

### By Plaintiff Against Individual Defendant Mashanna Braedford and Sory Hinton ("Individual Defendant(s)" in this particular cause of action) and against Defendant Employer

26.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

27.     Employer and Individual Defendant(s) harassed and created an objectively hostile working environment for Plaintiff based upon Plaintiff's RACE/COLOR AND ANCESTRY/NATIONAL ORIGIN; AFRICAN-AMERICAN/BLACK.  The harassment was subjectively offensive and unwelcome to Plaintiff and interfered with Plaintiff's ability to work.  This conduct violated Title VII.

28.     The Individual Defendant(s) were acting in part within the course and scope of their employment by Employer and were, at least in part, serving a purpose of their own in carrying out the misconduct against Plaintiff.  The Individual Defendant(s) were motivated at least in part by malice and ill will toward Plaintiff.

29.     Defendants' wrongful conduct proximately caused Plaintiff to

suffer general, special and statutory damages, including but not limited to lost wages and emotional distress, in an amount to be proven.  Plaintiff has been required to hire attorney Geoffrey Lyon of Lyon Law and is entitled to recover reasonable attorney fees.  Plaintiff is entitled to injunctive relief including reinstatement to a work environment free of harassment and discrimination.

30.    Individual Defendant Hinton's wrongful conduct was malicious, oppressive, fraudulent, despicable and not to be tolerated by civilized society and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

### THIRD CAUSE OF ACTION

### DISCRIMINATION BASED ON SEX/GENDER – DISPARATE TREATMENT

### TITLE VII, 42 USC §§ 2000e et seq.

### By Plaintiff Against Employer

31.    Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

32.    Employer intentionally discriminated against Plaintiff in the terms and conditions and/or existence of Plaintiff's employment by subjecting Plaintiff to adverse employment actions based upon and motivated by Plaintiff's SEX/GENDER, (pregnant) FEMALE.  Employer's discrimination and disparate treatment violated

1  Title VII, 42 USC § 2000e, et seq.

2       33.     Employer's wrongful conduct proximately caused Plaintiff to

3  suffer general, special and statutory damages, including but not limited to lost wages

4  and emotional distress, in an amount to be proven.  Plaintiff has been required to hire

5  attorney Geoffrey Lyon of Lyon Law and is entitled to recover reasonable attorney

6  fees.  Plaintiff is entitled to injunctive relief including reinstatement to a work

7  environment free of harassment and discrimination.

8

9  **FOURTH CAUSE OF ACTION**

10  **DISCRIMINATION BASED UPON RACE/ANCESTRY/COLOR –**

11  **DISPARATE TREATMENT**

12  **TITLE VII, 42 USC §§ 2000e et seq.**

13  **By Plaintiff Against Employer**

14       34.     Plaintiff realleges and incorporates in this cause of action all

15  numbered paragraphs above that precede the title block for the "First Cause of

16  Action."

17       35.     Employer discriminated against Plaintiff in the terms, conditions

18  and existence of Plaintiff's employment, subjecting Plaintiff to adverse employment

19  actions, motivated by Plaintiff's RACE/ANCESTRY, AFRICAN-AMERICAN,

20  AND COLOR, BLACK, or the perception of same, in violation of Title VII, 42 USC

21  § 2000e, et seq., including § 2000e-2(a).

22       36.     Employer knew and had reason to know of the discrimination

-12-

because: Employer's managing agents were the ones perpetrating it; mangers witnessed it; Plaintiff openly opposed it; and Plaintiff complained about it to management.

37.     Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven.  Plaintiff has been required to hire attorney Geoffrey Lyon of Lyon Law and is entitled to recover reasonable attorney fees.

## FIFTH CAUSE OF ACTION

## DISABILITY DISCRIMINATION

## ADA, 42 USC §§ 12101-12213

## By Plaintiff against Employer

38.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

39.     Plaintiff is a member of a class protected from physical disability discrimination; those with severe pregnancy complications, back pain, and related conditions and symptoms requiring disability leave and medical treatment, sometimes during working hours.  Plaintiff suffers, or is perceived by Employer to suffer, from physical disabilities that limit major life activities, including work.  Defendant Employer discriminated against Plaintiff in the terms, conditions and existence of Plaintiff's employment based on Plaintiff's disabilities.  Employer's misconduct

1  violated the ADA, 42 USC §§ 12101-12213.

2      40.    Employer failed to engage in a timely, good faith, interactive

3  process with Plaintiff to determine effective reasonable accommodations for his

4

5  disability.  This violated the ADA, 42 USC §§ 12101-12213.

6      41.    Employer failed to make reasonable accommodations for the

7  disabilities of Plaintiff.  This violated the ADA, 42 USC §§ 12101-12213.

8      42.    Defendant Employer made improper inquiry into the details and

9  severity of Plaintiff's disability in violation of the ADA, 42 USC §§ 12101-12213.

10     43.    Employer's wrongful conduct proximately caused Plaintiff to

11  suffer general, special and statutory damages in an amount to be proven.  Plaintiff has

12  been required to hire attorney Geoffrey Lyon of Lyon Law and is entitled to recover

13  reasonable attorney fees.

14

15                   **SIXTH CAUSE OF ACTION**

16         **MEDICAL LEAVE DISCRIMINATION/RETALIATION**

17                   **FMLA, 29 USC §§ 2615**

18                   **By Plaintiff against Employer**

19     44.    Plaintiff realleges and incorporates in this cause of action all

20  numbered paragraphs above that precede the title block for the "First Cause of

21  Action."

22

23     45.    Employer excessively burdened Plaintiff, subjected Plaintiff of

24  excessive and unfair criticism, terminated, refused to reinstate and otherwise

25

discriminated against Plaintiff in the terms, conditions and existence of Plaintiff's employment in retaliation for Plaintiff's exercise of his rights to medical leave under FMLA.  Employer's retaliation violated the FMLA.

46.    On information and belief, Employer discouraged Plaintiff from taking and denied Plaintiff medical leave in violation of the FMLA, 29 USC §§ 2615.

47.    Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorney Geoffrey Lyon of Lyon Law and is entitled to recover reasonable attorney fees.

## SEVENTH CAUSE OF ACTION

## RETALIATION FOR OPPOSING VIOLATIONS OF TITLE VII, 42 USC §§ 2000e et seq.

### By Plaintiff Against Employer

48.    Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

49.    Employer retaliated against Plaintiff in the terms, conditions and existence of Plaintiff's employment after Plaintiff opposed practices of Employer forbidden by Title VII (employment harassment and discrimination based on RACE/ANCESTRY, AFRICAN AMERICAN, COLOR, BLACK and SEX, FEMALE).  Employer's retaliation violated Title VII.

50.     Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven.  Plaintiff has been required to hire attorney Geoffrey Lyon of Lyon Law and is entitled to recover reasonable attorney fees.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PREVENT HARASSMENT AND DISCRIMINATION

## TITLE VII, 42 USC §§ 2000e et seq.

### By Plaintiff against Employer

51.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

52.     Employer knew or reasonably should have known of the harassment and discrimination against Plaintiff.  Employer failed to take all reasonable steps to prevent harassment and discrimination from occurring to Plaintiff, including but not limited to failing to take complaints seriously, failing to timely and thoroughly investigate and document evidence of harassment and discrimination, failing to report the results of its investigation to Plaintiff, and failing to take timely and appropriate corrective and preventive action to stop the harassment and discrimination.  This violated Title VII, 42 USC §§ 2000e et seq.

53.     Employer's wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven.  Plaintiff has

been required to hire attorney Geoffrey Lyon of Lyon Law, PC and is entitled to recover reasonable attorneys' fees. Plaintiff is entitled to injunctive relief including reinstatement, lost wages and benefits, and promotion without discrimination or retaliation.

### **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for relief on Plaintiff's causes of action as more specifically set forth in the individual causes of action:

1. For general and special compensatory damages in an amount to be proven but estimated to be no less than $300,000;

2. For statutory damages in an amount to be proven but estimated to be no less than $300,000;

3. For exemplary and punitive damages as against Individual Defendant Hinton;

4. For injunctive relief;

5. For reasonable attorneys' fees;

6. For costs of suit;

7. For such other and further relief as the court deems just and proper.

DATED: November 15, 2010          LYON LAW


By: Geoffrey C. Lyon
Attorney for Plaintiff,
TIFFANY VALENTINE

-17-

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues in this action triable by a jury, including but not limited to issues of liability and damages.

DATED:  November 15, 2010          LYON LAW PC


By:  Geoffrey C. Lyon
Attorney for Plaintiff,
TIFFANY VALENTINE

EXHIBIT 1

| Name (Indicate Mr., Ms., Mrs.) | | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|---|
| **Mrs. Tiffany N. Valentine** | | **(661) 947-9796** | **01-02-1976** |

| Street Address | City, State and ZIP Code |
|---|---|
| **36523 25th Street East Apt.N21, Palmdale, CA 93550** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **EMPLOYMENT DEVELOPMENT DEPARTMENT -** | **500 or More** | **(800) 644-4277** |

| Street Address | City, State and ZIP Code |
|---|---|
| **420 West Avenue I, Lancaster, CA 93534** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| [ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN | **10-12-2008** | **10-12-2008** |
| [ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.) | [ ] CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.     On Sunday, 12 October 2008, I was removed from my post at the Employment Development Department (EDD). I had been assigned to that post since 2003, as a Security Guard, with the following shift: Monday, Tuesday, Thursday, Friday from 0700 to 1730; Wednesday 0845 to 1915.

II.     John Asfall, Manager for Inter Con Security, left me a voice mail informing that the client EDD stated that I was a good employee, but that I was getting too familiar with the site; the next week, Human Resources told me the client said that I was not a good fit. Last year and this year, comments had been made by Sory Henton Jordan, Assistant Manager; Dave Stone, Veterans' Representative; Shirley Kemp, Manager; Dan Lara, Veterans' Representative; and other staff members that incidences would not have occurred in the EDD lobby if there had been a male Security Guard present. Mr. Asfall offered me a different post, which I declined because the conditions were less hours and on graveyard shift.

III.     I believe that I was discriminated against because of my sex, Female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| *12/6/2008*     *(signature)* <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |



**U.S. Equal Employment Opportunity Commission**
**Los Angeles District Office**

255 E. Temple St. 4th
Los Angeles, CA 90012
(213) 894-1096
TTY (213) 894-1121
FAX (213) 894-1118
1-800-669-4000

Respondent: EMPLOYMENT DEVELOPMENT DEPARTMENT -
EEOC No: 480-2009-00666

Tiffany N. Valentine
2812 West Avenue K4
Lancaster, CA 93536

Dear Mrs. Valentine:

The Equal Employment Opportunity Commission has received your request for a Notice
of Right to Sue in the above referenced charge.

Your request has been forwarded to the U.S. Department of Justice (DOJ) for action.
That Agency will act on your request and issue the Notice directly to you.

If you have any questions, please call this office at (213) 894-1096.

On behalf of the Commission:

Date  9/13/10

Olophius E. Perry
Director

cc:

Herb Schultz
Director
EMPLOYMENT DEVELOPMENT DEPARTMENT
800 Capitol Mall, Mic 49
P.O. Box 826880
Sacramento, CA 95814

- 20 -

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

To: Tiffany N. Valentine
20812 West Avenue K4
Lancaster, CA 93536

From: Los Angeles District Office
255 E. Temple St. 4th
Los Angeles, CA 90012

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2009-02934 | Ben Luu,<br>Investigator | (213) 894-1000 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Olophius E. Perry,**
**District Director**

*(Date Mailed)*

Enclosures(s)

cc: Veronica Campos
Human Resources Director
INTER CON SECURITY
210 South DeLacey Avenue
Pasadena, CA 91105

- 21 -

Valentine-L
11-15-10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV10- 8717 CAS (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[_] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[_] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Valentine-L
11-15-10

Name & Address:
GEOFFREY C. LYON (Bar No. 132747)
Email: lyonlaw@verizon.net
LYON LAW PC
400 Oceangate Ste 1120; Long Beach CA 90802
Tel: 562-590-6900; Fax: 562-590-6945

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY VALENTINE,<br><br>PLAINTIFF(S)<br><br>v.<br><br>STATE OF CALIFORNIA, EMPLOYMENT DEVELOPMENT DEPARTMENT; SORY HINTON; and DOES 1 to 10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10-8717** CAS (SS↓)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): STATE OF CALIFORNIA, EMPLOYMENT DEVELOPMENT DEPARTMENT; SORY HINTON; and DOES 1 to 10

   A lawsuit has been filed against you.

   Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Geoffrey C. Lyon; Lyon Law , whose address is 400 Oceangate Ste 1120, Long Beach CA 90802 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __11-15-10__

By: _____
   **TANYA DURANT**
   Deputy Clerk

   *(Seal of the Court)*

1188

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)

Valentine-L
11-15-10

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> VALENTINE, TIFFANY | DEFENDANTS <br> STATE OF CALIFORNIA, EMPLOYMENT DEVELOPMENT DEPARTMENT; SORY HINTON; and DOES 1 to 10 |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Lyon Law, 400 Oceangate Ste 1120; Long Beach CA 90802 <br> Tel: 562-590-6900; Fax: 562-590-6945 <br> (Email:  lyonlaw@verizon.net) <br> Geoffrey C. Lyon (SBN: 132747); | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  ☑ **MONEY DEMANDED IN COMPLAINT: $** 300,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC §§ 2000e et.seq., 42 USC §§ 12101-12213 and 29 USC §§ 2615; sex and race discrim & harassmt in empt; pregnancy/disability/FMLA discrim/retaln.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY |
| ☐ 490 Cable/Sat TV | ☐ 355 Motor Vehicle Product Liability | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☑ 442 Employment | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | FEDERAL TAX SUITS |
| ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV10-8717

**FOR OFFICE USE ONLY:**  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact, or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (all claims) | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date November 15, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |