UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Allison Schulman | Nancy James |

**Proceedings:** **DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** (filed 01/05/2012)

**I.  INTRODUCTION**

Plaintiff Tiffany Valentine commenced this action in this Court on November 15, 2010, asserting claims for harassment, discrimination, and retaliation against defendants State of California, Employment Development Department ("EDD"); EDD Assistant Manager Sory Hinton-Jordan; and Does 1 to 10.[1]  Plaintiff's complaint asserts eight claims: (1) harassment based on sex or gender in violation of Title VII, 42 U.S.C. §§ 2000e et seq.; (2) harassment based on race or color and ancestry or national origin in violation of Title VII; (3) discrimination based on sex or gender in violation of Title VII; (4) discrimination based on race, ancestry, or color in violation of Title VII; (5) discrimination based on disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213; (6) discrimination or retaliation based on medical leave in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2615; (7) retaliation for opposing violations of Title VII; and (8) failure to prevent harassment and discrimination in violation of Title VII.

On January 5, 2012, EDD filed the instant motion for partial summary judgment as to plaintiff's second, fourth, fifth, sixth, and seventh claims.  Plaintiff opposed the motion

---

[1] Plaintiff voluntarily dismissed defendant Sory Hinton-Jordan on October 24, 2011.  Dkt. No. 25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

on January 13, 2012. EDD replied on January 23, 2012.[2] EDD's motion is presently before the Court.

**II.    BACKGROUND**

Plaintiff was initially hired by Inter-Con Security Systems ("Inter-Con"), and was thereafter assigned to work as a security guard at an EDD office in Lancaster, California from approximately March 2003 to October 2008.[3]

Plaintiff asserts that while she was assigned to the EDD facility, her immediate supervisor was EDD Assistant Manager Sory Hinton-Jordan. Plaintiff's Statement of Genuine Issues ("PSGI") ¶ 1; Declaration of Tiffany Valentine ("Valentine Decl.") ¶ 2. Plaintiff asserts that during her employment, Hinton-Jordan harassed her by using racially and gender-based slurs. PSGI ¶ 16; Valentine Decl. ¶ 23. Plaintiff further asserts that the harassment grew more severe and more frequent after she complained, and that she was terminated shortly after she complained. PSGI ¶ 16–17; Valentine Decl. ¶ 23. Plaintiff also maintains that she suffered from disabilities including but not limited to complications related to her pregnancy, anxiety, work-related stress, psychological trauma, and a back injury. PSGI ¶ 8; Valentine Decl. ¶ 18. Plaintiff avers that she asked for accommodations for her disabilities, but that this request was refused. PSGI ¶ 12; Valentine Decl. ¶ 21.

Plaintiff asserts that in October 2008, she sent a letter to the Equal Employment Opportunity Commission (the "EEOC") in which she complained of discrimination based on race, disability, and gender. PSGI ¶ 21; Valentine Decl. ¶ 27. According to plaintiff, in December 2008, she received an EEOC intake questionnaire in the mail, which she

---

[2] Contemporaneously with its reply, EDD filed evidentiary objections to exhibits in support of plaintiff's opposition. The Court specifically addresses two of these objections below. To the extent the Court relies on other evidence to which EDD has objected, EDD's objections are overruled. All other objections are overruled as moot.

[3] EDD expressly concedes that it is plaintiff's joint employer for the purposes of this motion. Mot. at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

completed and returned with assistance from her stepmother and a family friend. PSGI ¶ 24; Valentine Decl. ¶ 28. On the intake questionnaire, plaintiff checked a box that she is African American. In addition, in response to an inquiry regarding similarly-situated persons, plaintiff included the name "Carolyn Brown" as well "Race + Disability" as the description of the discrimination suffered. PSGI ¶ 24; Deposition of Tiffany Valentine ("Valentine Depo."), Exh. 3. Plaintiff claims that she attached a second letter to the intake questionnaire in which she included the same facts as she did in her October 2008 letter.[4] According to plaintiff, an EEOC representative contacted her by phone and interviewed her about the content of the letters, and assured plaintiff that the EEOC would document all information plaintiff told the representative. PSGI ¶ 24; Valentine Decl. ¶ 29. Plaintiff asserts that the EEOC representative told plaintiff that she must fill out the form and send it in "immediately" and that if plaintiff failed to do so, the EEOC might reject plaintiff's case. PSGI ¶ 24; Valentine Decl. ¶¶ 29–30. According to plaintiff, the representative specifically advised her that other than completing and mailing the form, no further action would be required. PSGI ¶ 24; Valentine Decl. ¶ 30. Plaintiff avers that in December 2008, she received the EEOC's draft "Charge of Discrimination" form in the mail, which she noticed omitted some of the facts in her intake questionnaire and letters relating to her race and disability claims. PSGI ¶¶ 21, 24; Valentine Decl. ¶ 33. Plaintiff claims she called the EEOC to ask if those facts needed to

---

[4] EDD objects to plaintiff's testimony regarding the letters she purportedly sent to the EEOC on the grounds that plaintiff offers her testimony to prove the contents of a writing in violation of Federal Rule of Evidence 1002. The Court sustains EDD's objection. Pursuant to Rule 1002, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording or photograph is required, . . ." Fed. R. Evid. 1002. Rule 1004(a) provides an exception where the original is lost or destroyed "and not by the proponent acting in bad faith." Fed. R. Evid. 1004(a). However, "[t]he burden of proving loss or destruction under Rule 1004 is on the proponent of the evidence," and the court must find it "more probable than not that the originals . . . were lost or destroyed without bad faith." Seiler v. Lucasfilm, 613 F. Supp. 1253, 1260, 1262 (N.D. Cal. 1984), aff'd, 808 F.2d 1316 (9th Cir. 1986). Here, plaintiff offers her testimony to prove the letters' contents, and she fails to set forth any evidence that she sent the letters to the EEOC other than her self-serving declaration. Plaintiff's testimony is therefore inadmissible to prove the contents of the letters.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

be included in the charge, but that she was unable to speak to the same representative that she spoke to earlier, and that the person she did speak to advised her to leave a message or consult a lawyer. PSGI ¶ 24; Valentine Decl. ¶¶ 34–35. Plaintiff asserts that relying on what the EEOC representative had previously told her, she filled out the charge form, signed it and sent it in to the EEOC. PSGI ¶ 24; Valentine Decl. ¶ 40. The charge form instructed plaintiff to check the appropriate boxes for the bases of discrimination, and although the form contained boxes to indicate race, color, religion, national origin, retaliation, age, and "other," plaintiff did not check any box other than the box for "sex," which the EEOC had already checked. Defendant's Statement of Uncontroverted Facts ("DSUF") ¶¶ 20–21; Valentine Depo., Exh. 7. In the narrative portion of the EEOC charge, plaintiff asserted that her claim for discrimination was "because of my sex, Female, in violation of Title VII of the Civil Rights Act of 1964, as amended." DSUF ¶ 22; Valentine Depo., Exh. 7. In August 2010, plaintiff received a right to sue letter from the EEOC. This action followed.

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

### A. Plaintiff's Second and Fourth Claims for Race-Based Discrimination and Harassment in Violation of Title VII

Plaintiff's second claim is for alleged violations of Title VII based on claims of harassment on the basis of race or color and ancestry or national origin. Plaintiff's fourth claim is for alleged violations of Title VII based on claims of discrimination on the basis of race or color and ancestry or national origin.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against any individual due to their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Ordinarily, before initiating a lawsuit under Title VII, a plaintiff must first file a charge with the EEOC. Lewis v. City of Chicago, 130 S.Ct 2191, 2196–96 (2010). The EEOC charge typically must describe the facts and legal theory with sufficient clarity to provide notice of the legal theory being argued and the operative facts at issue. Ong v. Cleland, 642 F.2d 316, 319 (9th Cir. 1981). Allegations of discrimination not included in a plaintiff's administrative charge usually may not be considered by a federal court unless the additional claims are "like or reasonably related" to the allegations in the EEOC charge. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1100 (9th Cir. 2002).

EDD argues that plaintiff's claims for race-based discrimination and harassment fail because she has not exhausted her administrative remedies. In this respect, EDD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

argues that plaintiff's EEOC charge specifically alleged only that she was removed from her post at EDD because she was female. Mot. at 6. According to EDD, this claim is not like or reasonably related to a claim of racial discrimination or harassment, and would not reasonably trigger an EEOC investigation into potential race-based discrimination or harassment. Id.

In opposition, plaintiff argues that she in fact exhausted her administrative remedies, and that even if not, her failure to do so is equitably excused. First, according to plaintiff, because the EEOC intake questionnaire contained the information that plaintiff was African-American and included the statement "race + disability" to describe the type of harassment and discrimination suffered by another employee that plaintiff identified as similarly situated, "any reasonable investigation . . . would have asked whether there was any unfair treatment based upon race." Opp'n at 16. Plaintiff also contends that her assertion that she discussed the circumstances of her race-based claims with an EEOC representative provides further support that a reasonable investigation of her claim would have uncovered facts supporting racially-motivated harassment and discrimination. Id. at 18. Next, even if she failed to exhaust administrative remedies, plaintiff argues that such failure is excusable. In support of this argument, plaintiff cites Rodriguez v. Airborne Express, 265 F.3d 890 (9th Cir. 2001), in which the Ninth Circuit found that a plaintiff's failure to exhaust administrative remedies did not bar the plaintiff's claims under California's Fair Employment and Housing Act because the plaintiff had been misled by misrepresentations by the administrative agency.

The Court finds that a triable issue of fact exists regarding whether plaintiff exhausted her administrative remedies. "If an investigation of what was charged in the EEOC would necessarily uncover other incidents that were not charged, the latter incidents could be included in a subsequent action." Wilson-Combs v. California Dept. of Consumer Affairs, 555 F.Supp.2d 1110, 1115 (E.D. Cal. 2008); see also Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990) (noting that jurisdictional scope of court action encompasses EEOC investigation as well as EEOC charge). Additionally, "allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations," Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 502 (7th Cir. 1994). A plaintiff need not "rely to her detriment on her charge . . . if the EEOC . . . has distorted her claims when transferring allegations from an intake questionnaire on the charge form." B.K.B., 276 F.3d at 1102. When

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

considered in the light most favorable to plaintiff, the evidence indicates that the EEOC investigation should have uncovered plaintiff's claims for race-based harassment and discrimination. In this respect, the Court finds significant that the EEOC intake questionnaire explicitly included the statement "race + disability" as the type of harassment and discrimination suffered by a similarly-situated employee. Even though this statement is found on a part of the intake questionnaire describing alleged harassment and discrimination against another employee, when viewed in the light most favorable to plaintiff, it would have put the EEOC on notice that its investigation of plaintiff's claim should include an inquiry into possible race-based harassment and discrimination.[5] Plaintiff's testimony in her declaration that she made these details known to an EEOC interviewer provides further support for the Court's conclusion that a rationale jury could find that an EEOC investigation should have included an inquiry into race-based harassment and discrimination, and therefore that plaintiff exhausted her administrative remedies.[6]

Even if a triable issue of fact were not present with respect to administrative exhaustion, summary judgment would still be inappropriate on these claims. This is so because triable issues of fact exist regarding whether plaintiff's failure to exhaust her remedies should be equitably excused. In Rodriguez, the Ninth Circuit set forth four

---

[5] The Court notes that because plaintiff was acting pro se at the time she filled out the intake questionnaire, plaintiffs' chosen language should be construed with "utmost liberality" because plaintiff is "unschooled in the technicalities of formal pleading." B.K.B., 276 F.3d at 1100.

[6] EDD argues that plaintiff's testimony regarding her interview with the EEOC is inadmissible hearsay pursuant to Federal Rules of Evidence 801 and 802. The Court overrules EDD's objection. Rule 801(c) defines hearsay as an out of court statement introduced "to prove the truth of matter asserted." Fed. R. Evid. 801(c). In this case, plaintiff does not offer her testimony regarding the interview to prove the truth of what was asserted in the interview—i.e., that plaintiff was harassed and discriminated against based on her race—but rather to show that the EEOC investigation should have uncovered such claims. Accordingly, such testimony does not constitute improper hearsay evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

factors that weigh in favor of an equitable exception to the requirement of administrative exhaustion: (1) plaintiff diligently pursues the claim; (2) plaintiff is misinformed or misled by the administrative agency; (3) plaintiff relies in fact on the agency's misrepresentations; and (4) plaintiff was acting pro se at the time. 265 F.3d at 902. In this case, when viewed in the light most favorable to plaintiff, the evidence creates a question of fact as to whether plaintiff is entitled to an equitable exception to the requirement of administrative exhaustion. First, there is sufficient evidence for a jury to find that plaintiff, who acted pro se, diligently pursued her claim. In this respect, plaintiff testified that she discussed her race-based claims with an EEOC interviewer, that she followed up on a monthly basis with the EEOC, and that she attempted to correct and add information to her charge form. Next, a rationale jury could determine that plaintiff was misinformed or misled by the EEOC and that she relied on the EEOC's representations. To this end, plaintiff testified that an EEOC interviewer advised her that she would record all the information regarding plaintiff's race-based claims for harassment and discrimination, and that plaintiff must "immediately" return the charge form or risk losing legal rights. A jury, crediting plaintiff's testimony, could reasonably find that plaintiff would not have mailed in a charge that she believed to be deficient had she not been misled by the EEOC.

Accordingly, the Court DENIES EDD's motion for summary judgment with respect to plaintiff's claims for race-based harassment and discrimination.

### B.   Plaintiff's Fifth Claim for Discrimination in Violation of the ADA

Plaintiff's fifth claim alleges violations of the ADA for discrimination in the terms, conditions, and existence of her employment, failure to engage in the interactive process to determine an effective reasonable accommodation, failure to make reasonable accommodations, and making improper inquiry into the detail and severity of plaintiff's disability.

An employer who is covered under the ADA may not discriminate in the terms, conditions, and privileges of employment of a qualified individual with a disability because of that individual's disability. 42 U.S.C § 12112(a). To establish a prima facie case of discrimination under the ADA, a plaintiff must show that she: (1) is disabled; (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

is qualified; and (3) suffered an adverse employment action because of her disability. Snead v. Metropolitan Property & Cas. Ins. Co., 237 F.3d 1080, 1087 (9th Cir. 2001).

### 1.   Timeliness of Plaintiff's EEOC Charge

The ADA expressly incorporates the procedural requirements in place for Title VII. Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176 (9th Cir. 2000), overruled on other grounds by Scoop-Gonzalez v. INS, 272 F.3d 1176 (9th Cir. 2001) (en banc). Thus, a plaintiff must file a timely charge of discrimination with the EEOC as a prerequisite to maintaining an ADA action. Id. As a general rule, a complainant must file a discrimination charge with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice. E.E.O.C. v. Commercial Office Prods. Co., 486 U.S. 107, 110 (1998).

EDD argues that plaintiff did not timely file a claim of disability discrimination with the EEOC. According to EDD, plaintiff's claim of disability discrimination is based on her pregnancy. Thus EDD contends that plaintiff's claim is barred as a matter of law because plaintiff gave birth to her son in January 2008, more than 180 days before she filed her charge with EEOC in November 2008. Mot. at 8–9.

The Court finds that a triable issue of fact exists regarding whether plaintiff timely filed her EEOC charge. Although a claim based on plaintiff's pregnancy-related complications would fail due to plaintiff's failure to timely raise such a claim, plaintiff testified that she suffered from other disabilities, including work-related stress, an anxiety disorder, and psychological trauma. Valentine Decl. ¶ 18. Plaintiff also testified that she suffered a back injury on October 9, 2008, that she told her employers about this injury, that they did not respond, and that she was terminated on October 12, 2008.[7] Id. at ¶ 27.

---

[7] In its reply, EDD argues that plaintiff cannot "redefine" her disability because plaintiff testified in her deposition that she did not "recall" whether she was discriminated against based on a disability other than her pregnancy-related complications. Reply at 10 (citing Valentine Depo. at 250:20–24). The Court rejects this argument. While plaintiff's deposition testimony may reduce the weight owed to her declaration, it is not directly contradictory and therefore does bar the admission of the declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

Crediting this testimony, a rational jury could determine that an unlawful employment practice occurred on or after October 9, 2008, and therefore that plaintiff's November 15, 2008 charge was not untimely.

### 2. Administrative Exhaustion

EDD argues that like her claims for race-based harassment and discrimination, plaintiff's claim for disability-based discrimination fails as a matter of law because plaintiff's charge failed to include information about her disability.  Mot at 9–10 (citing Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003) (holding that although failure to file an EEOC complaint is not a complete bar to jurisdiction, substantial compliance with the exhaustion requirement is a jurisdictional prerequisite)).

For the reasons articulated above with respect to plaintiff's race-based claims for harassment and discrimination, the Court finds that triable questions of fact exist regarding whether plaintiff exhausted her administrative remedies, and if not, whether her failure to do so should be equitably excused.[8]

### 3. EDD's Additional Arguments

EDD's remaining arguments are premised on that plaintiff's disability claim is exclusively related to her pregnancy.  Specifically, EDD argues that plaintiff's claim fails as a matter of law because pregnancy is not a "disability" within the meaning of the ADA, because plaintiff was not "qualified" to perform her duties because her pregnancy completely precluded her from working, and because plaintiff fails to show how she was discriminated against as a result of her pregnancy.  Mot. at 10–12.

---

[8] The Court again notes that plaintiff's intake questionnaire included the statement "race + *disability*," Valentine Depo., Exh. 3 (emphasis added), that plaintiff testified that she told the EEOC interviewer about the circumstances of her claim for disability-based discrimination, Valentine Decl., ¶ 33, and that plaintiff testified that she was told that no further information would be required.  Id. ¶ 30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

The Court rejects EDD's arguments. As discussed above, plaintiff testified that she suffered a back injury on October 9, 2012, that she brought it to her employer's attention, and that she was terminated on October 12, 2012. Valentine Decl. ¶¶ 25–26. Crediting plaintiff's testimony, a rational jury could determine that plaintiff suffered from a disability and that she suffered an adverse employment action as a result.

Accordingly, the Court DENIES EDD's motion for summary judgment with respect to plaintiff's claim for disability-based discrimination in violation of the ADA.

### C. Plaintiff's Sixth Claim for Discrimination in Violation of the FMLA

Plaintiff's sixth claim alleges that she was discriminated against in the terms, conditions, and existence of her employment in retaliation for the exercise of her right to medical leave under the FMLA.

The FMLA's central provision guarantees eligible employees twelve weeks of leave in a one-year period following certain events, including a disabling health problem and the arrival of a new child. Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 86 (2002). During the mandatory twelve weeks, the employer must maintain the employee's group health coverage, and upon the employee's timely return, the employer must reinstate the employee to her former position or an equivalent position. Id. It is unlawful for an employer to "interfere with, restrain, or deny the exercise of" these rights. Id. at 86–87.

#### 1. Statute of Limitations

EDD first argues that plaintiff's FMLA claim is barred by the statute of limitations. Ordinarily, a complaint alleging a claim for violations of the FMLA must be filed no later than two years after the date of the last event constituting the alleged violation. 29 U.S.C. § 2617(c)(1) (2008). However, where a willful violation occurs, the statute of limitations is extended to three years. 29 U.S.C. § 2617(c)(2) (2008).

In this case, plaintiff's employment was terminated on or about October 12, 2008. She filed her complaint more than two years later on November 15, 2010. Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

whether plaintiff's FMLA claim is barred by the statute of limitations turns on whether EDD committed a "willful" violation of the statute.

The FMLA does not define the term "willful" and the Supreme Court has not expressly defined the term in the context of the FMLA.  Hanger v. Lake County, 390 F.3d 579, 583 (8th Cir. 2008).  Consequently, courts have borrowed the definition applied in the context of the Fair Labor Standards Act.  Id.; Hillstrom v. Best Western TLC Hotel, 354 F.3d 27, 33 (1st Cir. 2003).  Under that definition, an employer acts willfully if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  Hanger, 390 F.3d at 583.

EDD argues that there is no evidence of a willful violation of the FMLA that would extend the statute of limitations.  Mot. at 15.

According to plaintiff, her testimony that she was terminated just three days after injuring her back and taking FMLA leave, despite plaintiff's "numerous complaints," creates a triable issue of fact as to whether EDD's violation was willful.  Opp'n at 26.

The Court finds that when evaluated in the light most favorable to plaintiff, the evidence precludes a finding as a matter of law that EDD's alleged violation of the FMLA was not willful.  Crediting plaintiff's testimony that she injured her back, asked for leave, and as a result was fired shortly thereafter, a rational jury could determine that EDD "showed reckless disregard" for whether its conduct was prohibited by the FMLA.[9]  See Hanger, 390 F.3d at 583.

---

[9] In its reply, EDD argues that Inter-Con was plaintiff's primary employer and that as a result, any acts allegedly committed by Inter-Con Manager Mashanna Bradford may not be attributed to EDD.  Reply at 2, 11.  This argument is unavailing because EDD expressly concedes for purposes of this motion that it may be considered plaintiff's joint employer with Inter-Con.  Mot. at 14.  Under the FMLA, a joint employer is "responsible for compliance with the prohibited acts provisions with respect to its jointly employed employees."  29 C.F.R. 825.106(e).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

## 2. Evidence of FMLA Violation

EDD argues that even if plaintiff's FMLA claim is not time-barred, it still fails for lack of supporting evidence. Mot. at 15. In support of this argument, EDD cites plaintiff's deposition in which she stated that she "didn't recall" whether anyone from EDD tried to discourage her from taking leave under the Family Medical Leave Act. Valentine Depo., 140:22–24. EDD also cites the deposition testimony of plaintiff's supervisor, Marshanna Bradford, in which she stated that nobody at EDD or Inter-Con discouraged plaintiff from taking leave under the FMLA. Bradford Depo., 117:13–25.

In opposition, plaintiff again argues that her testimony establishes that she was terminated within three days of requesting leave, in violation of the FMLA. Opp'n at 27.

The Court finds that a question of fact exists as to whether EDD in fact violated the FMLA. In this respect, plaintiff's testimony that she injured her back, requested leave, and was terminated shortly thereafter would allow a rational jury to determine that an FMLA violation has occurred. The fact that plaintiff's termination allegedly occurred so soon after she requested leave is probative that her termination was related to her request for leave.[10] See, e.g., Ray v. Henerdson, 217 F.3d 1234, 1244 (discriminatory intent can be inferred by timing of adverse employment action).

Accordingly, the Court denies EDD's motion for summary judgment with respect to plaintiff's claim for violation of the FMLA.

---

[10] In its reply, EDD argues that plaintiff's testimony in her declaration that she was on "disability" leave when she was terminated belies her contention that she had requested FMLA leave. Reply at 12 (citing Valentine Decl., ¶ 25). The Court does not believe that such a strict interpretation of plaintiff's testimony is appropriate. See, e.g., Dang v. Solar Turbines, Inc., 2007 WL 4536632, *2 (S.D. Cal. Dec. 18, 2007) (explaining circumstances under which plaintiff was placed on "disability leave under FMLA").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

### D.  Plaintiff's Claim for Retaliation in Violation of Title VII

Plaintiff's seventh claim alleges she was retaliated against in the terms, conditions, and existence of her employment after she opposed her employer's practices in violation of Title VII.

Title VII prohibits retaliation against any employee "because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). The "primary objective" of the anti-retaliation provision is to "prevent[] an employer from interfering with an employee's efforts to secure or advance enforcement of the Act's basic guarantees." Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 63 (2006). In order to establish a claim for retaliation under Title VII, a plaintiff must demonstrate that "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her activity and the employment decision." Raad v. Fairbanks North Star Borough School Dist., 323 F.3d 1185, 1197 (9th Cir. 2003). Ordinarily, a plaintiff must administratively exhaust her administrative remedies prior to bringing a claim for retaliation. Sommatino v. United States, 255 F.3d 704, 707–08 (9th Cir. 2001).

EDD argues that plaintiff's claim for retaliation fails as a matter of law because plaintiff failed to exhaust her administrative remedies. Mot. at 7. In support of this argument, EDD notes that neither the EEOC Charge of Discrimination nor the intake questionnaire on which it was based contains a claim of retaliation. Id.

In opposition, plaintiff argues that she exhausted her administrative remedies with respect to her claim for retaliation. Opp'n at 22. According to plaintiff, her communications to the EEOC contained sufficient factual information for any reasonable EEOC investigation to include an inquiry into possible unlawful retaliation. Id. Alternatively, plaintiff contends that her failure to exhaust administrative remedies should be equitably excused. Id. at 22–23.

The Court finds as a matter of law that plaintiff failed to exhaust her administrative remedies with respect to her claim for retaliation, that such failure cannot be equitably excused, and therefore that summary judgment for EDD should be granted. Although the statement regarding "race + disability" on the intake questionnaire presents a question of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

fact as to whether the EEOC investigation should have included an inquiry into race and disability-based harassment and discrimination claims, there is no reason why this information would have put the EEOC on notice regarding possible unlawful retaliation. Further, although plaintiff testified that she told the EEOC interviewer about race and disability-based harassment and discrimination over the phone, plaintiff's testimony about that conversation does not include any mention of unlawful retaliation. See Valentine Decl. ¶ 29. Plaintiff's argument that her failure to exhaust administrative remedies may be excused for equitable reasons also fails. This is so because plaintiff testified only that she relied on the EEOC interviewer's representations when she mailed in the charge form despite "apparent omissions of [her] *race and disability* claims." Valentine Decl. ¶ 33 (emphasis added). Plaintiff's testimony regarding her reliance on the EEOC interviewer's representations includes no mention of retaliation claims. Id. Absent any evidence that plaintiff relied the EEOC's representations, plaintiff's failure to exhaust administrative remedies with respect to her claim for retaliation cannot be equitably excused. See Rodriguez, 265 F.3d at 902 (plaintiff must rely in fact on agency's misrepresentation). Accordingly, the Court grants summary judgment to EDD with respect to plaintiff's claim for unlawful retaliation.[11]

## V.   CONCLUSION

In accordance with the foregoing, the Court DENIES in part and GRANTS in part EDD's motion for partial summary judgment. Specifically, the Court DENIES EDD's motion as to plaintiff's second, fourth, fifth, and sixth claims respectively for race-based discrimination and harassment in violation of Title VII, discrimination in violation of the Americans with Disabilities Act, and for discrimination in violation of the Family and

---

[11] At oral argument, plaintiff's counsel cited testimony from plaintiff's declaration regarding the allegedly retaliatory acts which plaintiff suffered. However, plaintiff's counsel cited no evidence from plaintiff's testimony or plaintiff's intake questionnaire that indicates either that the EEOC should have been on notice of plaintiff's claim for retaliation or that plaintiff in fact relied on the EEOC's representations in failing to include retaliation on her charge form.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8717 CAS (SSx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | TIFFANY VALENTINE v. STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; ET AL. | | |

Medical Leave Act.  The Court GRANTS EDD's motion as to plaintiff's seventh claim for unlawful retaliation.

    IT IS SO ORDERED.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |